(107 So. 103)

No. 27480.

### FLETCHER v. WINNFIELD BOTTLING WORKS et al.

### In re FLETCHER.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Contracts ⚫══152—Meaning of words in contract to be ascertained by considering them in relation to immediate subject-matter of contract.**

In interpreting agreements under Civ. Code, art. 1945, subd. 2, the meaning of words therein is to be ascertained by considering them in relation to context and immediate subject-matter of the contract, and not by attributing to them an absolute significance irrespective of character in which they are employed.

2. **Sales ⚫══149—Phrase "attendant interest" in sale of company held to refer only to name and good will preceding it in bill of sale.**

Under bill of sale reciting sale of property of company, its name, and its good will, and attendant interest, the phrase "attendant interest" refers only to the transfer of name and good will, with no reference to any other property purchased.

3. **Sales ⚫══68—Tax refund, filed subsequent to sale, but for taxes prior thereto, held not intended to go with sale.**

Where claim against United States for tax refund was filed in name of a company, subsequent to bill of sale transferring property of company, its name, good will, and attendant interest, but for taxes prior to such sale, circumstances *held* to show that it was not intended that purchaser should be entitled to the refund by virtue of bill of sale.

4. **Sales ⚫══68—Claim for refund of taxes paid prior to sale of company held to belong to vendor, and burden of proving title to money refunded on purchaser.**

Where claim against United States for tax refund was filed in name of company, subsequent to lease and sale of company, but for taxes paid prior thereto, the claim belonged to the vendor, and burden of proving title to money refunded by government is on purchaser of company.

5. **Sales ⚫══68—Evidence held too vague and conflicting to show that tax refund was included in sale of property.**

In action by vendor to recover refund of taxes on claim filed subsequent to sale of company, but for taxes prior thereto, evidence *held* to be too vague and conflicting to show any understanding that refund was included in sale of property.

6. **Sales ⚫══68—Evidence held to show that purchaser was asserting no right to tax refund at time claim therefor was filed.**

Where claim against United States for tax refund was filed subsequent to lease and sale of property, but for taxes paid prior thereto, act of purchaser in delivering to vendor postcard acknowledging receipt of claim for refund *held* to indicate that purchaser was asserting no right to claim at time it was filed.

7. **Words and phrases—"Attendant" defined.**

"Attendant" is defined as meaning accompanying, or connected with.

[Ed. Note.—For other definitions, see Words and Phrases, Attendant.]

8. **Words and phrases—"Interest" defined.**

"Interest," speaking legally and specifically, means a right in property, or some of those uses or benefits from which the property is inseparable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Property).]

Certiorari to Court of Appeal, Parish of Winn.

Suit by R. H. Fletcher against the Winnfield Bottling Works and others. Judgment

for defendants was affirmed by Court of Appeal, and plaintiff applies for certiorari or writ of review. Reversed, and judgment for plaintiff rendered.

Moss & Peters, of Winnfield, for applicant.

E. L. Walker, of Ruston, for defendants.

ROGERS, J. This case is before us on a writ of review. Under the name of the "Winnfield Bottling Works," plaintiff for a number of years operated, in the town of Winnfield, a business of manufacturing and selling soft drinks. On November 21, 1922, he leased various articles of personal property to E. A. Givens for a period of 30 days, with an option in favor of the lessee to purchase the leased property for the price of $5,500 cash. A rental of $500 was stipulated, to be applied on the purchase price in the event the lessee availed himself of the option. The name of the Winnfield Bottling Works was not used in the lease contract, but the articles leased were those used by plaintiff in operating the business under that name. The option was accepted by the lessee within an extended period granted him, and on January 22, 1923, a formal bill of sale was executed between the parties. In this instrument, the property sold is described as follows, viz.

"The Winnfield Bottling Works, and all of the equipment situated and located in said plant, including one Maxwell delivery truck and one wrecked Maxwell truck, and any and all other equipment used, located, and belonging to said Winnfield Bottling Works, * * * the name of the concern, Winnfield Bottling Works, its good will, and attendant interest."

It appears that, subsequent to the execution of the bill of sale, plaintiff filed a claim against the United States government for the refund of the taxes which, while operating the business, he had paid on the sale of soft drinks. His application for this refund, under instructions of the bottling association, was made in the name of the Winnfield Bottling Works in behalf of which concern the tax had been paid.

The refund in question was approved for $308.56, and on September 20, 1923, a check for said amount was issued by the Treasury Department to the order of the Winnfield Bottling Works. This check was received by E. A. Givens and deposited to the account of the bottling works. Plaintiff was without knowledge of the issuance and receipt of the check until some weeks thereafter, when an investigation which he made disclosed the facts. This suit was then brought against the Winnfield Bottling Works and E. C. Givens and E. A. Givens, the owners of the business, in solido, to recover the amount of the check. Defendants, in their answer, contended that they were entitled to retain the amount of the check, because the claim which it represented was an asset of the business, and, as such, passed to the purchaser with all other attendant interests of said bottling works. The district court rejected plaintiff's demand, and its judgment was affirmed by the Court of Appeal for the Second Circuit.

The judge of the district court based his judgment upon his construction of the words "attendant interest" as contained in the bill of sale, holding that the claim against the government was included within said designation. The Court of Appeal, after a full review of the case, seems to have rested its affirmance of the judgment mainly upon the general principle that the burden was upon the plaintiff to make out his case, the law requiring effect to be given to all parts of a contract, and that the vendor or other obligor must explain himself clearly.

[1] The rule for the interpretation of agreements is found in Civ. Code, art. 1945. Subdivision 2 of the article reads as follows:

"The courts are bound to give legal effect to all such contracts according to the true intent of all the parties."

Subdivision 3 of said article further provides:

"That the intent is to be determined by the words of the contract, when these are clear and explicit, and lead to no absurd consequence."

And the meaning of words used in contracts is to be ascertained by considering them in their relation to the context and to the immediate subject-matter of such contract, and not by attributing to them an absolute signification, irrespective of the connection in which they are employed.

[2, 7, 8] Applying these general principles of construction to the contract in question, we find that plaintiff conveyed by the bill of sale the bottling works, all equipment situated and located in said plant or belonging thereto, one Maxwell delivery truck, and one wrecked Maxwell truck. He also sold "the name of the concern, Winnfield Bottling Works, and its good will and attendant interest." The phrase "attendant interest" is clearly used only in connection with the transfer of the name and good will of the concern, and without any reference whatever to any physical or other property purchased. The word "attendant" is defined by the lexicographers as meaning "accompanying or connected with." The word "interest" means, legally speaking and specifically, "a right in property, or some of those uses or benefits from which the property is inseparable." Therefore, it was plainly the intent of the parties that the language of the contract, which we have quoted, should effectively evidence the conveyance by plaintiff of his valuable property right in the trade-name and good will of the business, together with such accompanying or connected rights, uses, or benefits as were inseparable from said property.

[3] The article of the Civil Code to which we have referred declares that the intent of the contracting parties must be determined so as to "lead to no absurd consequence." In the circumstances of this case we think it would be wholly unreasonable to permit the defendants to retain the proceeds of the check that was issued by the government as a refund to the plaintiff. In the first place, it is doubtful whether, at the time of the sale, the parties knew anything whatever about a refund being due by the government. In the second place, conceding this to be a fact, the value of the physical property transferred, shown by the items and their valuation as set forth in the lease and option contract of November 21, 1922, was $5,354.65, which is only $145.35 less than the agreed purchase price of $5,500. We take it that the trade-name and good will which were additionally included in the bill of sale were at least equal in value to the amount of this difference. Bearing these things in mind, it is inconceivable that it was in the contemplation of the parties that plaintiff, for the same purchase price, was to increase the value of the property transferred to the extent of the amount recovered by him from the government.

[4] The Court of Appeal held that the burden of proof was on plaintiff to establish his claim to the proceeds of the check. We think the reverse of the proposition is true. It cannot be disputed that the claim against the government belonged originally to plaintiff. It was for money erroneously paid by him as taxes for the sale of soft drinks prior to November 22, 1922. The claim was made, and the proofs were furnished, by him. Defendants had nothing whatever to do with the matter. As the defendants are asserting ownership of a fund that, admittedly, belonged to plaintiff, the burden is on them to show when the plaintiff parted with his title to said property.

[5] The district judge, subject to plaintiff's objection, admitted certain parol evidence by which defendant sought to show that the claim for the refund was intended

to be included in the sale. This testimony, however, was disregarded by him in reaching his conclusion, but it was considered, to some extent, by the Court of Appeal in rendering its opinion. The evidence on the point is conflicting, E. A. Givens asserting, and plaintiff denying, any such understanding. A witness named Hilton took the stand on behalf of defendants, and undertook to relate the purport of a conversation which he claimed to have overheard between E. A. Givens and plaintiff. His evidence, however, is vague and unsatisfactory, and is refuted by plaintiff. On the other hand, plaintiff is, in a measure, corroborated by the omission from the bill of sale of any reference to the claim for a refund of the taxes. It is incomprehensible why the claim against the government was not expressly mentioned in the instrument, if prior to the execution thereof an understanding had been reached between the parties that it was to pass to the purchaser, together with the other property set forth in the lease and option contract.

The testimony is too conflicting in regard to the undated check for $2,400 introduced by the defendants for this court to attach any evidentiary value whatever to the instrument.

[6] In behalf of the plaintiff, it was shown that the government, by postcard dated March 13, 1923, acknowledged the receipt of his claim for the refund. This card was addressed to the Winnfield Bottling Works, was received by E. A. Givens, who at that time was in charge of the business, and was delivered by him in person to the plaintiff. This action on the part of said defendant indicates that he was not asserting any right to the claim at the time it was filed with the government, and that it was only after he had received the check he decided it was included in the sale to him.

For the reasons assigned, the judgments of the district court and of the Court of Appeal are set aside, and it is now ordered that there be, and there is, judgment in favor of plaintiff, R. H. Fletcher, and against the defendants Winnfield Bottling Works, E. A. Givens, and E. C. Givens, jointly and in solido, in the full sum of $308.56, with 5 per cent. per annum interest thereon from September 17, 1923, until paid, and for all costs of this suit.